UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JOHN ANDERJASKA, CHUNGYAO CHEN,
TEENA COLEBROOK, JOEL GRIFFITH,
ART HEINEMAN, CALVIN WILLIAMS,
CHARLES WITTE, on behalf of themselves
and all others similarly situated,

                    Plaintiffs,

  -v-                                                     No. 1:19-CV-03057-LTS

BANK OF AMERICA, N.A., CAPITAL ONE,
N.A., CITIBANK, N.A., J.P. MORGAN
CHASE, N.A., WELLS FARGO BANK, N.A.,

                    Defendants.

-----------------------------------------------------------x

## MEMORANDUM ORDER

        In the above-captioned case, the named plaintiffs, on behalf of themselves and all others similarly situated ("Plaintiffs"), bring this putative class action against Bank of America, N.A., Capital One, N.A., Citibank, N.A., J.P. Morgan Chase, N.A., and Wells Fargo Bank, N.A. (collectively, "Defendants"), alleging claims of negligence, aiding and abetting, and fraudulent concealment pursuant to New York State common law and Article 9 of the New York Civil Practice Law and Rules (NYCPLR). (See Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Remand to State Court ("Motion to Remand"), Docket Entry No. 26, at Exhibit 1 ("Complaint").) Plaintiffs filed this case in the Supreme Court of the State of New York for New York County. The Defendants removed it to this Court, citing the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d); the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 77p(c); and the Edge Act, 12 U.S.C. § 632.

        Plaintiff now moves to remand this case to the Supreme Court of the State of New

York for lack of subject matter jurisdiction. (See Docket Entry No. 25.) The Court has reviewed the parties' submissions thoroughly, and, for the following reasons, Plaintiffs' motion to remand is denied.

BACKGROUND

The following facts are taken as true for purposes of this motion practice. In February 2019, Plaintiffs filed a putative class action in the Supreme Court of the State of New York, New York County, asserting causes of action for negligence, aiding and abetting, and fraudulent concealment. (See Motion to Remand, at 1.) The Plaintiffs' claims arise out of a "fraudulent binary options scheme" involving various intermediary payment processors and internet-based binary options trading platforms, all of which allegedly operate illegally and out of compliance with U.S. securities regulations.

A binary option is an options contract whereby the "payout will depend entirely on the outcome of a yes/no proposition." (Complaint, at ¶ 15.) In other words, binary options are essentially "yes/no bets that allow the customer to make money if they bet right, or lose money if they bet wrong." (Motion to Remand, at 2.) Binary options are sometimes listed on registered exchanges or traded on a designated contract market subject to oversight by United States regulators such as the CFTC or SEC. (Complaint, at ¶ 22.) However, most binary options are sold on "Internet-based trading platforms" that usually do not comply with applicable U.S. regulations. (Complaint, at ¶ 23.)

Starting as early as 2015, Plaintiffs made credit card, debit card and/or wire transactions in their accounts with Defendants to make deposits or payments to the aforementioned fraudulent platforms in order to purchase binary options. (Complaint, at ¶¶ 130-162, 166, 175.) When Plaintiffs had trouble withdrawing funds from their accounts with the

binary options platforms, they subsequently attempted to initiate "chargeback" transactions with Defendants, based on fraudulent activity by the platforms, which Defendants refused. (Complaint, at ¶¶ 141-162.)

## DISCUSSION

An action filed in state court may be removed to federal court if the federal court would have had original jurisdiction of the matter if the case had initially been filed there. 28 U.S.C. § 1441(a). District courts have original jurisdiction in cases where a federal question exists and in certain cases involving diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Typically, "federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (internal quotation marks omitted). As such, the "defendant bears the burden of demonstrating the propriety of removal," California Public Employees' Retirement System v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004), and "[t]he Court must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff." Lis v. Lancaster, 2019 WL 2117644, at *4 (S.D.N.Y. Apr. 25, 2019) (internal quotation marks omitted).

CAFA provides federal courts with jurisdiction of class actions that are originally filed in state court where they meet certain requirements. Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013). Generally, for a class action to be removed from state court under CAFA, it is required that: "(1) the proposed class contains at least 100 members (the 'numerosity' requirement); (2) minimal diversity exists between the parties, (i.e., where 'any member of a class of plaintiffs is a citizen of a State different from any defendant'); and (3) the aggregate amount in controversy exceeds $5,000,000." Id. (citing 28 U.S.C. § 1332(d)(2)-(6)). Once these requirements have been established, "plaintiffs have the burden of demonstrating that

remand is warranted on the basis of one of the enumerated exceptions." Greenwich Financial Services Distressed Mortgage Fund 3 LLC v. Countrywide Financial Corp., 603 F.3d 23, 26 (2d Cir. 2010).  The parties do not dispute that CAFA's general requirements are met in this case. Their dispute stems from Plaintiffs' assertion that federal jurisdiction under CAFA is lacking because of CAFA's "covered securities" exception, which provides that class actions that involve "a claim . . . concerning a covered security" are exempt from CAFA jurisdiction.  28 U.S.C. § 1332(d)(9)(A).

    The Supreme Court has defined a "covered security" as a security that is "traded nationally and listed on a regulated national exchange."  Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 83 (2006).  Defendants' Notice of Removal asserts that "[t]his Court . . . has jurisdiction over this action pursuant to SLUSA, because Plaintiffs' action is a 'covered class action' that alleges misrepresentations or omissions of material facts and manipulative or deceptive conduct in connection with transactions involving 'covered securit[ies].'"  (Docket Entry No. 1, ¶ 25.)  According to Defendants, this assertion was made based on what Defendants read as allegations in the Complaint that the binary options trading involved transactions in covered securities.  (See Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Remand ("Defendants' Opp."), Docket Entry No. 38, at 5, n.3.)  In invoking the covered securities exception, Plaintiffs do not contend that the case involves a covered security.  In fact, Plaintiffs repeatedly assert that the matter does not involve transactions in covered securities. Plaintiffs argue, however, Defendants' inclusion of the assertion regarding "covered securities" in their Notice of Removal is a proper basis for the application of the doctrine of judicial estoppel to bar Defendants from asserting that CAFA applies.  The Court is not persuaded by this argument.

The Defendants asserted each of their three bases for removal (i.e., CAFA, SLUSA and the Edge Act) as "independent grounds" for federal jurisdiction. This approach is consistent with the fact that CAFA and SLUSA complement each other; where federal jurisdiction exists on the basis of one, it does not exist on the basis of the other. See Estate of Pew v. Cardarelli, 527 F.3d 25, 30 (2d Cir. 2008). It is thus inappropriate for the Court to construe Defendants' "covered securities" allegation in connection with SLUSA jurisdiction to preclude their invocation of CAFA jurisdiction.

Furthermore, the Court finds that judicial estoppel is inapplicable here. To establish a basis for estoppel, a party must show that: "(1) his adversary advanced an inconsistent factual position in a prior proceeding, and (2) the prior inconsistent position was adopted by the first court in some manner." Wight v. BankAmerica Corp., 219 F.3d 79, 90 (2d Cir. 2000) (internal quotation marks omitted). Moreover, it is within a court's discretion to invoke estoppel. New Hampshire v. Maine, 532 U.S. 742, 750 (2001). Here, Plaintiffs fail to satisfy the first estoppel element. The involvement or non-involvement of covered securities is a legal element relevant to both CAFA and SLUSA jurisdiction. See 28 U.S.C. § 1332(d)(9)(A); 15 U.S.C. §§ 77p(c), 78bb(f)(2). Therefore, Defendants' assertion that covered securities are involved in this matter constitutes a legal position as opposed to a factual one.

As noted above, Defendants proffer that, in asserting the existence of covered securities in support of SLUSA jurisdiction, they relied on facts alleged by the Plaintiffs in their Complaint. (See Complaint, at ¶¶ 27-28; Notice of Removal, Docket Entry No. 1, at ¶ 34.) Plaintiffs' Complaint explains how binary options work and, in doing so, provides specific hypothetical examples of binary options, some of which involve covered securities, and also represents that "some binary options are listed on registered exchanges or traded on a designated

contract market that are subject to oversight by United States regulators such as the CFTC or SEC, respectively." (See Complaint ¶¶ 22, 27- 28) (emphasis added).  In the Motion briefing, Plaintiffs clarified that they were not actually asserting that this matter involved covered securities, and Defendants conceded that they misread the ambiguous portions of the Complaint. (See Motion to Remand, at 5-11; Defendants' Opp. at 5, n.3.)  Thus, to the extent that Defendants' assertion was based on factual inconsistencies, such inconsistencies were based on the Plaintiffs' own Complaint.

   Even if the first element of estoppel could be deemed satisfied, Plaintiffs fail to satisfy the second element because no court took action based on Defendants' allegations concerning "covered securities" in a prior proceeding.  Once a defendant files a notice of removal, the case is automatically removed, and the state court has no authority to restrict or deny the removal.  See 28 U.S.C. §§ 1441, 1446(a)-(b).  Therefore, even if the Defendants' factual assertions were inconsistent with the underlying reality of the transactions at issue, Plaintiffs' estoppel claim fails because there was no adoption of such assertions by a court in a prior proceeding.

   The Supreme Court has instructed courts determining an estoppel claim to consider whether denying estoppel would prejudice the party asserting estoppel with an unfair disadvantage.  New Hampshire v. Maine, 532 U.S. at 749-51.  Here, there was no detrimental reliance.  The Court declines Plaintiffs' invitation to apply the doctrine of judicial estoppel.

   Because the parties do not dispute that CAFA's requirements have been met, the Plaintiffs have conceded that covered securities are not involved in the instant matter, and Plaintiffs' estoppel argument fails, the Court finds that it has subject matter jurisdiction of this case under CAFA.  Having found jurisdiction under CAFA, the Court declines to address the

parties' arguments regarding jurisdiction under SLUSA and the Edge Act.

Limited Discovery Under CAFA's Local Controversy Exception

Plaintiffs have requested that, if the Court finds federal jurisdiction under CAFA, Plaintiffs should be permitted to conduct limited and expedited discovery to determine whether CAFA's "local controversy" exception applies to this matter.  Under CAFA's local controversy exception, a district court must decline to exercise jurisdiction over a class action where, <u>inter alia</u>, over two-thirds of the Plaintiff class members are from the state that the action was originally filed in, and at least one defendant is from that same state.  28 U.S.C. § 1332(d)(4). This action was originally filed in New York State and all of the Defendants are national banks. "A national bank is a citizen only of the state listed in its articles of association as its main office."  <u>OneWest Bank, N.A. v. Melina</u>, 827 F.3d 214, 219 (2d Cir. 2016).  Because none of the Defendants have main offices in New York, none of them is a citizen of New York.  (<u>See</u> Defendants' Opp., at 12, n.8; Declaration of Brad M. Elias, Esq. in Support of Defendants' Opposition to Plaintiffs' Motion for Remand, Docket Entry No. 39, at Exhibits 1-5). Consequently, even if Plaintiffs could establish that two-thirds of their class members are citizens of New York, CAFA's local controversy exception would not apply.

Plaintiffs' argument that the <u>OneWest</u> bank citizenship rule is inapplicable here because it was adopted in the context of diversity jurisdiction is unavailing, as CAFA is itself an expansion of the diversity jurisdiction statute, conferring federal jurisdiction over certain class actions.  <u>See</u> <u>Purdue Pharma</u>, 704 F.3d at 213; 28 U.S.C. § 1332.  <u>OneWest</u> is binding here as to Defendants' citizenship for CAFA purposes and Plaintiffs' request for limited discovery to determine whether CAFA's local controversy exception applies is, accordingly, denied as futile.

CONCLUSION

For the reasons discussed above, the Court denies Plaintiffs' motion to remand and Plaintiffs' request for limited jurisdictional discovery.

This case remains referred to Magistrate Judge Gorenstein for general pretrial management.

This Memorandum Opinion and Order resolves docket entry number 25.

Dated: March 30, 2020
      New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    United States District Judge