UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JOHN ANDERJASKA, CHUNGYAO CHEN,
TEENA COLEBROOK, JOEL GRIFFITH,
ART HEINEMAN, CALVIN WILLIAMS,
CHARLES WITTE, on behalf of themselves
and all others similarly situated,

                Plaintiffs,

  -v-                                                           No.  1:19-CV-3057-LTS-GWG

BANK OF AMERICA, N.A., CAPITAL ONE,
N.A., CITIBANK, N.A., J.P. MORGAN
CHASE, N.A., WELLS FARGO BANK, N.A.,

                Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        The named plaintiffs, on behalf of themselves and all others similarly situated ("Plaintiffs"), bring this putative class action against Bank of America, N.A., Capital One, N.A., Citibank, N.A., J.P. Morgan Chase, N.A., and Wells Fargo Bank, N.A. (collectively, "Defendants"), asserting claims of negligence, aiding and abetting, and fraudulent concealment pursuant to New York State common law and Article 9 of the New York Civil Practice Law and Rules that arise from payment processing services in connection with an allegedly fraudulent investment scheme.  (<u>See</u> Docket Entry No. 1-1 at ECF pages 4-31 ("Complaint").)  The Court has subject matter jurisdiction of this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (<u>See</u> Docket Entry No. 46.)

        Now before the Court are three motions, brought by Defendants Wells Fargo, Bank of America, and Capital One, respectively, each pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss the Complaint for lack of personal jurisdiction.  (Docket Entry

Nos. 52, 62, 69.) The Court has reviewed the parties' submissions thoroughly, and, for the following reasons, the motions are granted.

## BACKGROUND

The following facts are taken as true for purposes of this motion practice. In February 2019, Plaintiffs filed a putative class action in the Supreme Court of the State of New York, New York County, asserting causes of action for negligence, aiding and abetting, and fraudulent concealment, arising out of a "fraudulent binary options scheme" involving various intermediary payment processors and internet-based binary options trading platforms, all of which allegedly operate illegally and out of compliance with U.S. securities regulations. (See Complaint at 1-27.)

Starting as early as 2015, Plaintiffs made credit card, debit card and/or wire transactions in their accounts with Defendants to make deposits or payments to the aforementioned fraudulent platforms in order to purchase binary options. (Complaint ¶¶ 130-162, 166, 175.) When Plaintiffs later had trouble withdrawing funds from their accounts with the allegedly fraudulent binary options platforms, they attempted to initiate "chargeback" transactions with Defendants, based on fraudulent activity by the platforms, which Defendants refused (id. ¶¶ 141-162), leading Plaintiffs to file this action.

## DISCUSSION

Defendants Wells Fargo, Bank of America, and Capital One each move to dismiss Plaintiffs' claims against them for lack of personal jurisdiction.

"[A] court may exercise two types of personal jurisdiction over a corporate defendant properly served with process"—specific and general. Brown v. Lockheed Martin Corp., 814 F.3d 619, 624 (2d Cir. 2016). "Specific jurisdiction is available when the cause of

action sued upon arises out of the defendant's activities in a state," while general jurisdiction "permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff."  Id.  Plaintiffs do not allege in the Complaint or argue in connection with these motions that their claims arise out of any activities of Defendants Wells Fargo, Bank of America, or Capital One in New York, and do not assert that the Court has specific jurisdiction over those Defendants.  Instead, they argue that the Court may assert general jurisdiction over Wells Fargo, Bank of America, and Capital One by virtue of those Defendants' contacts in New York State.  (See Docket Entry No. 76 ("Opp. to WF Mot."); Docket Entry No. 78 ("Opp. to BOA Mot."); Docket Entry No. 79 ("Opp. to CO Mot.").)

Consistent with due process, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)).  A corporation is "essentially at home" only in a state of its incorporation or principal place of business, except in an "exceptional case."  Daimler AG v. Bauman, 571 U.S. 117, 137-39 & n.19 (2014).  Accord Brown, 814 F.3d at 627 ("[I]n our view Daimler established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases."). Here, it is undisputed that none of Wells Fargo, Bank of America, or Capital One is incorporated or maintains its principal place of business in New York. (Complaint ¶¶ 9, 10, 13; see also Docket Entry No. 53 ("WF Mem.") at 10; Docket Entry No. 63 ("BOA Mem.") at 4; Docket Entry No. 70 ("CO Mem.") at 6.)  Therefore, the Court may only exercise general jurisdiction

over any of the moving Defendants if it concludes that Plaintiffs' case against that Defendant is a truly exceptional case as contemplated by Daimler and its progeny.[1]

Daimler cited a single example of an "exceptional case": Perkins v. Benguet Consol. Min. Co., 342 U.S. 437 (1952).  In Perkins, the defendant, a mining company with its principal place of business in the Philippines, temporarily relocated its principal place of business to Ohio, the homeplace of its general manager and principal stockholder, because the company's mining operation in the Philippines was "completely halted during the occupation" of that country by Japan during World War II.  Perkins, 342 U.S. at 447.  During and immediately after the war, that general manager "carried on in Ohio a continuous and systematic supervision of the necessarily limited wartime activities of the company." Id. at 448.  "Given the wartime circumstances," the Supreme Court found Ohio's exercise of personal jurisdiction over the defendant company constitutionally permissible because, as explained in Daimler, "Ohio could be considered a surrogate for the place of incorporation or head office" in those circumstances. Daimler, 571 U.S. at 130 n.8 (citation and internal quotation marks omitted).

In the years since Daimler, the "exceptional case" has been often discussed but rarely found.  The Second Circuit has emphasized that a plaintiff bears a "heavy burden" in asserting that a foreign defendant's presence in a forum state rises to the level of an exceptional

---

[1]   As Plaintiffs concede (see, e.g., Opp. to WF Mot. at 2), Wells Fargo, Bank of America, and Capital One are not subject to general personal jurisdiction in New York by virtue of their registration to do business in this state or by their designation of an in-state agent for service of process.  Chufen Chen v. Dunkin' Brands, Inc., 954 F.3d 492, 499 (2d Cir. 2020) ("[A] foreign corporation does not consent to general personal jurisdiction in New York by merely registering to do business in the state and designating an in-state agent for service of process under [New York Business Corporation Law] § 1301(a)."); accord Pfaff v. Deutsche Bank AG, No. 20-MC-25 (KPF), 2020 WL 3994824, at *7 (S.D.N.Y. July 15, 2020) (collecting cases in this District rejecting the argument that foreign banks consent to general personal jurisdiction in New York based on their registration to do business under relevant provisions of the New York Banking Law).

case, Brown, 814 F.3d at 627, and that "when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'" Id. at 629. When measuring whether such contacts meet that exceptional threshold, "the inquiry 'calls for an appraisal of a corporation's activities in their entirety'; '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'" BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1559 (2017) (quoting Daimler 571 U.S. at 140 n.20).

In this case, Plaintiffs have not met their "heavy burden" of showing that Wells Fargo's, Bank of America's, or Capital One's contacts in New York are so extensive so as to constitute an "exceptional case."[2] Plaintiffs note that each bank has a substantial number of physical banking locations and ATMs, a large office space, and a large workforce in New York, but generally fail to compare those figures to each bank's national or global presence, as required under Daimler. Brown, 814 F.3d at 629 ("the Daimler Court instructed that in assessing the extent of a corporation's contacts in a state for general jurisdiction purposes, we must assess the company's local activity not in isolation, but in the context of the company's overall activity") (emphasis in Brown).[3] Plaintiffs provide the required context for a limited number of sectors in

---

[2] Plaintiffs' Complaint contains no factual allegations concerning the moving Defendants' New York contacts. The Court therefore draws from "the documents they have submitted to support their arguments in favor of jurisdiction." Ritchie Capital Mgmt., L.L.C. v. Costco Wholesale Corp., No. 14-CV-4819 (VSB), 2015 WL 13019620, at *5 (S.D.N.Y. Sept. 21, 2015).

[3] These comparisons, once considered, do not support a finding of an exceptional case as to any of the three moving Defendants. For example, Plaintiffs cite Wells Fargo's website for the proposition that Wells Fargo has 82 banks and 174 ATMs in New York (Opp. to WF Mot. at 2), but that website reveals that Wells Fargo has "more than 13,000 ATMs and approximately 5,200 retail banking branches coast to coast." Wells Fargo, ATM and Banking Locations, https://www.wellsfargo.com/locator (last visited March 9, 2021). Similarly, Plaintiffs submit that Bank of America "employs 13,000 employees in New York City alone" (Opp. to BOA Mot. at 3), but Plaintiffs' evidence reflects that Bank of

which the moving Defendants do have a comparatively large New York presence, but those showings fall well short of reflecting the type of "exceptional case" at issue in Perkins.[4] So too does Plaintiffs' reference to a February 26, 2020, article from American Banker, reflecting that Wells Fargo's CEO Charlie Scharf is based in New York, given that CEO Scharf is also quoted downplaying the importance of his base in New York in the context of Wells Fargo's national presence.  (Docket Entry No. 76-2 at ECF page 6.)[5]  Moreover, it appears that Mr. Scharf became CEO only after this case was filed.  Cf. Amorphous v. Morais, No. 17-CV-631 (NRB), 2018 WL 1665233, at *2 n.2 (S.D.N.Y. Mar. 15, 2018) (quoting Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 937 F.2d 44, 52 (2d Cir. 1991)) ("personal jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed").  Finally, Plaintiffs rely on statements in certain of Defendants' Securities and Exchange Commission filings that, for example, some of Defendants' stock certificates are subject to governance by "what the 'banking institutions in New York, New

---

    America "ha[d] approximately 208,000 employees" as of December 31, 2019.  (Docket Entry No. 78-5 at ECF page 4.)

[4]    For example, Plaintiffs submit evidence that twenty-seven percent of Capital One's "commercial loan portfolio is concentrated in the tri-state area of New York, New Jersey, and Connecticut" (Opp. to CO Mot. at 3), and that New York is the "number one state for Defendant's retail banking business."  (Id.)  However, the evidence Plaintiffs rely on reveals that Capital One's retail banking business in New York constitutes only 1.3% of its total consumer banking portfolio (which is comprised of both auto and retail banking)—a percentage lower than the comparable percentage in Texas, California, Florida, Georgia, Pennsylvania, Illinois, and Louisiana, even when considering only Capital One's auto loan portfolios in those states.  (Docket Entry No. 79-3 at 77.)

[5]    The article states: "Scharf has downplayed the significance of locating his base in New York, indicating that he does not plan to spend much time in his own office.  'We have over 25,000 or 26,000 people in Charlotte, we have thousands of people in New York, we have thousands of people in St. Louis, thousands of people in Minneapolis, thousands of people in San Francisco,' Scharf said last September.  'And so I'm looking forward to be[ing] present in all of those places.'"

York' are doing." (Opp. to CO Mot. at 3-4; Opp. to BOA Mot. at 3-5.) While these statements may support Plaintiffs' assertion that "New York is the nation's financial capital" (Opp. to BOA Mot. at 2; Opp. to WF Mot. at 2; Opp. to CO Mot. at 2), they do not support a conclusion that each Defendant is "essentially at home" in New York so as to subject it to general jurisdiction.

Having considered the evidence submitted by Plaintiffs in support of their argument that Defendants Wells Fargo, Bank of America, and Capital One are essentially at home in New York, the Court concludes that Plaintiffs have not met their heavy burden of showing that their case against any of those Defendants is an "exceptional case" as contemplated by Daimler, and thus concludes that the Court lacks general jurisdiction over those Defendants.[6]

Having concluded that it lacks personal jurisdiction over Defendants Wells Fargo, Bank of America, and Capital One, the Court must decide the appropriate remedy. Wells Fargo and Bank of America seek dismissal of Plaintiffs' claims as against them. Capital One also seeks dismissal or, "[i]f the Court declines to dismiss the case for lack of personal jurisdiction," severance and transfer of Plaintiffs' claims against Capital One to the United States District Court for the Eastern District of Virginia (where jurisdiction is conceded) under 28 U.S.C. section 1404(a). (CO Mem. at 9-14.) Plaintiffs oppose Capital One's request for transfer, and

---

[6] Plaintiffs seek discovery in aid of establishing jurisdiction. While it is within a district court's discretion to grant jurisdictional discovery, such discovery is inappropriate where—as here—the plaintiff has failed to make a prima facie showing of personal jurisdiction. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 255 (2d Cir. 2007). Such discovery is also less appropriate in this case, given that Defendants are federally chartered banks with substantial information about their New York contacts already in the public domain, as evidenced by Plaintiffs' own submissions. Cf. Burlington Ins. Co. v. MC&O Masonry, Inc., No. 1:17-CV-02892 (FB) (SMG), 2018 WL 3321427, at *3 (E.D.N.Y. July 5, 2018) (granting application for limited jurisdictional discovery where a party had made "diligent efforts to discover the identity and citizenship of the LLC members" of another party for jurisdictional purposes, and where counsel made a "good faith representation that the necessary information [was] not publicly available"). For those reasons, Plaintiffs' request for jurisdictional discovery is denied.

have not sought transfer as an alternative to dismissal as against either of the other Defendants. (Opp. to CO Mot. at 8-11; see also Opp. to WF Mot. at 2-7; Opp. to BOA Mot. at 2-9.) Accordingly, the Complaint will be dismissed as against the moving Defendants for lack of personal jurisdiction.

## CONCLUSION

For the reasons discussed above, this Court lacks personal jurisdiction over Defendants Wells Fargo, Bank of America, and Capital One, and those Defendants' motions to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) are granted.

The Clerk of Court is respectfully directed to terminate Defendants Wells Fargo Bank, N.A., Bank of America, N.A., and Capital One, N.A., as parties from this action.

This case remains referred to Magistrate Judge Gorenstein for general pretrial management.

This Memorandum Order resolves Docket Entry Nos. 52, 62, and 69.

SO ORDERED.

Dated: March 9, 2021
     New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge